UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 11-2526(DSD/AJB)

James Bigham, John Quarnstrom,
Robert Vranicar, Steve Ritchie,
Marty Strub, and Richard Leitschuh
as Trustees of the Sheet Metal
Local #10 Control Board Trust Fund,
and the Sheet Metal Local #10
Control Board Trust Fund,

            Plaintiffs,

v.                                                    **ORDER**

Vogt Heating, Air Conditioning &
Plumbing, LLC,

            Defendant.

      Amy L. Court, Esq., Carl S. Wosmek, Esq., Christy E.
      Lawrie, Esq. and McGrann, Shea, Carnival, Straughn &
      Lamb, 800 Nicollet Mall, Suite 2600, Minneapolis, MN
      55402, counsel for plaintiffs.

      Alec J. Beck, Esq. and Ford & Harrison, 225 South Sixth
      Street, Suite 3150, Minneapolis, MN 55402, counsel for
      defendant .


      This matter is before the court upon the motion for entry of judgment by plaintiff Sheet Metal Local #10 Control Board Trust Fund[1] (Trustees) and the motion to set aside entry of default by defendant Vogt Heating, Air Conditioning & Plumbing LLC (Vogt

---

[1] Trustee plaintiffs include James Bigham, John Quarnstrom, Robert Vranicar, Steve Ritche, Mary Strub and Richard Leitschuh.

Heating). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion by Vogt Heating.

## BACKGROUND

In this benefits dispute, the Trustees allege that Vogt Heating failed to submit employee reports and contributions to the fringe-benefit fund. The collective-bargaining agreement, entered into by the parties on December 2, 1992, requires Vogt Heating to submit a report of hours worked by union employees and a corresponding payment to the Trustees by the tenth day of each month. See Compl. ¶ 13; Rice Aff. ¶ 2. Contributions not received within five days, or the first working day thereafter, are considered delinquent. Id. ¶¶ 13-14.

On September 1, 2011, the Trustees filed a complaint alleging that Vogt Heating failed to submit its July 2011 report and payment. Id. ¶ 18. Vogt Heating did not respond to the complaint and the Trustees filed a motion for entry of default. See Court Aff. ¶¶ 2-4, ECF No. 4. The clerk of court granted the motion, see ECF No. 6, and the court scheduled a hearing for entry of judgment. Prior to the hearing, Vogt Heating filed a motion to set aside the default judgment, arguing that it overpaid $258,468.71 for an employee, John Super, who was not covered by the collective-bargaining agreement. At oral argument, the court requested that

the parties confer regarding whether Super should have been covered by the collective-bargaining agreement.  The parties did not reach agreement, and the court now addresses the motions.

## DISCUSSION

"The entry of default judgment should be a 'rare judicial act.'"  Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). "There is a judicial preference for adjudication on the merits, and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits."  Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (citations omitted); see United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).

A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  "When examining whether good cause exists, the ... court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."  Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (citation and internal quotations marks omitted).

**I.   Blameworthy or Culpable**

The court "focus[es] heavily on the blameworthiness of the defaulting party," and "distinguish[es] between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." Johnson, 140 F.3d at 784. "'[E]xcusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" Id. (quoting Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 388 (1993)).

Vogt Heating alleges that its failure to respond to the complaint was the result of oversight. Roughly three days after receiving the complaint in this matter, Vogt Heating received a notice of dismissal relating to a different dispute with the Trustees. Winder Aff. ¶ 5. Robert Winder, the President of Vogt Heating, mistakenly believed this was for the instant motion, but the notice actually pertained to Vogt Heating's alleged nonpayment of its May 2011 contributions. Id.; Court Aff. ¶¶ 4-6. Such confusion is reasonable and there is no evidence of intentional delay or disregard for court deadlines. See United States ex rel. Shaver v. Lucas W. Corp., 237 F.3d 932, 933 (8th Cir. 2001) (setting aside default judgment when human-resources supervisor mistakenly believed complaint related to contemporaneously filed suit between same parties). Therefore, this factor weighs in favor of setting aside the entry of default.

**II. Meritorious Defense**

The defendant need not show that he will succeed on the merits, but rather only that "the proffered evidence would permit a finding for the defaulting party." Johnson, 140 F.3d at 785 (citation and internal quotation marks omitted). "The underlying concern is ... whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default." Stephenson, 524 F.3d at 914 (citations and internal quotation marks omitted).

Vogt Heating alleges that it made overpayments for Super, and that it is entitled to recover overpayments to the fund, or to offset those overpayments against future obligations. In response, the Trustees argue that an equitable restitution claim requires more than a showing of overpayment,[2] and that Vogt Heating must demonstrate that equity demands repayment. See UIU Severance Pay Trust Fund v. Local Union No. 18-U, 998 F.2d 509, 513 (7th Cir. 1993) (noting that court should consider laches, ratification and unjust enrichment prior to issuing repayment). At this stage, however, the court need only determine whether the factual support

---

[2] The Trustees cite Stephenson for the proposition that Vogt Heating has not shown a meritorious defense. In Stephenson, the defendant made bald assertions denying wrongdoing, but "did not provide any factual support for those statements." Stephenson v. Deutsche Bank AG, Nos. 02-4845, 02-3682, 02-3711, 03-5198, 04-1469, 2007 WL 763087, at *8 (D. Minn. Mar. 9, 2007), aff'd sub nom. Stephenson v. El-Batrawi, 524 F.3d 907 (8th Cir. 2008). The present case is distinguishable, because Vogt Heating submitted audited overpayment statements. See Winder Aff. Ex. A.

5

for a meritorious defense exists.  In other words, "[t]he court is not required to determine the likelihood of success on the merits; it is only required to determine whether if true, defendant's claim presents a meritorious defense."  <u>Metcalf v. E.I. Du Pont De Nemours & Co.</u>, No 05-1035, 2006 WL 1877069, at *5 (D. Minn. July 6, 2006).  Therefore, the court finds that this factor weighs in favor of setting aside the entry of default.

### III. Prejudice

"[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits."  <u>Johnson</u>, 140 F.3d at 785 (citation omitted).  The court considers factors such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."  <u>Id.</u> (citation omitted).  As the Trustees concede, no such evidence is present.  <u>See</u> Pls.' Mem. Opp'n 13.  Therefore, this factor also weighs in favor of setting aside the entry of default. Accordingly, based upon a balancing of the three <u>Johnson</u> factors, setting aside the entry of default is warranted.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for entry of judgment [ECF No. 8] is denied;

6

  2. Defendant's motion to set aside entry of default [ECF No. 16] is granted.

Dated:  April 23, 2012

             <u>s/David S. Doty    </u>
             David S. Doty, Judge
             United States District Court